UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES WILLIAM SEXSTONE,

    Plaintiff,

v.                                    Case No.:   2:24-cv-785-SPC-NPM

CORNERSTONE SECURITIES
LLC and RUSSELL EDWARD
FIEGER,

    Defendants.
_____/

## **ORDER**

Before the Court is Plaintiff Charles William Sexstone's Complaint. (Doc. 1). This is a breach of fiduciary duty case arising from Defendants' purportedly "reckless" management of Plaintiff's retirement funds. Plaintiff also asserts a negligence claim and a claim for violating Florida's Securities and Investor Protection Act.

Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)).

Plaintiff invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Along with satisfying the amount in controversy, diversity jurisdiction requires "complete diversity," meaning "every plaintiff must be diverse from every defendant." *Nat'l Loan Acquisitions Co. v. Pet Friendly, Inc.*, 743 F. App'x 390, 392 (11th Cir. 2018). The Court has concerns about defendant Cornerstone Securities LLC's citizenship.

Cornerstone is a limited liability company. A limited liability company is a citizen of every state in which one of its members is domiciled. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004); *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). Each member of the LLC must be diverse from the opposing party for federal diversity jurisdiction to exist. *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224-25 (11th Cir. 2013). When dealing with unincorporated business entities, it is necessary to "drill down into the 'ownership flow chart'" to determine citizenship. *CityPlace Retail, LLC v. Wells Fargo Bank, N.A.*, No. 20-11748, 2021 WL 3486168, at *3 (11th Cir. July 15, 2021). This is the case no matter how many layers are involved. *Purchasing Power, LLC v. Bluestem Brands, LLC,* 851 F.3d 1218, 1220 (11th Cir. 2017) ("[I]t is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that

exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC.").

Plaintiff has not identified any members of Cornerstone, much less informed the Court of the citizenship of these members.[1] *See McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (stating that a person's citizenship is determined by his "domicile," or "the place of his true, fixed, and permanent *home* and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom"). He asserts only that Cornerstone "is a Kansas limited liability company." (Doc. 1 ¶ 9). But this is immaterial. *Bander v. Aerovanti, Inc*, No. 8:23-CV-01894-MSS-AAS, 2024 WL 2833723, at *3 (M.D. Fla. June 4, 2024) ("For purposes of diversity jurisdiction, the limited liability companies' states of incorporation and principal places of business are irrelevant."). To establish subject-matter jurisdiction, Plaintiff needs to inform the Court of the citizenship of all Cornerstone's members. Right now, the Court does not have enough information regarding Cornerstone's citizenship.

The Court finds that Plaintiff has not met his burden of establishing this Court's subject-matter jurisdiction over this action.

---

[1] Although the Complaint asserts defendant Russell Fieger, a Kansas citizen, is the owner, CEO, and Chief Compliance Officer of Cornerstone Securities (Doc. 1 ¶ 10), it is still unclear whether he is a member and, if he is, whether he is the only member.

3

Accordingly, it is now

**ORDERED:**

1. Plaintiff Sexstone's Complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

2. Plaintiff may file an amended complaint on or before September 16, 2024. Failure to do so will cause the Court to close this case without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida on August 30, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4